IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) **PLAINTIFF AMERICAN** |
| | ) **GENERAL LIFE INSURANCE** |
| v. | ) **COMPANY'S COMPLAINT IN** |
| | ) **INTERPLEADER AND FOR** |
| KATHRYN MIDYETTE RUIZ, DONALD E. PONTIFF, RONALD A. PONTIFF, PHILLIP MARK PAROTT, BARRY S. MILLS, JOSEPH L. VARGA, JOHN R. HULTIN and DOES 1 - 10 | ) **DECLARATORY RELIEF** ) ) ) ) ) ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff, American General Life Insurance Company ("AGLIC"), through its attorneys, the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, submits this Complaint in Interpleader and Declaratory Relief as follows:

## PARTIES

1. At all times relevant herein, AGLIC was and is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas. AGLIC is authorized to conduct business in North Carolina.

2. AGLIC is informed and believes, and on that basis alleges, that defendant Kathryn Midyette Ruiz, formerly Kathryn Pontiff, is a citizen of the State of North Carolina and, upon information and belief, resides in Raleigh, NC, County of Wake.

3. AGLIC is informed and believes, and on that basis alleges, that defendant Donald E. Pontiff is a citizen of the State of North Carolina and, upon information and belief, resides in New Bern, NC, County of Craven.

4. AGLIC is informed and believes, and on that basis alleges, that defendant Ronald A. Pontiff is a citizen of the State of North Carolina and, upon information and belief, resides in New Bern, NC, County of Craven.

5. AGLIC is informed and believes, and on that basis alleges, that defendant Phillip Mark Parrott is a citizen of the State of South Carolina and, upon information and belief, resides in Bluffton, SC, County of Beaufort.

6. AGLIC is informed and believes, and on that basis alleges, that defendant Joseph L. Varga is a citizen of the State of North Carolina and, upon information and belief, resides in Clayton, NC, County of Johnston.

7. AGLIC is informed and believes, and on that basis alleges, that defendant John R. Hultin II, is a citizen of the State of North Carolina and, upon information and belief, resides in Garner, NC, County of Wake.

8. AGLIC is informed and believes, and on that basis alleges, that defendant Barry S. Mills is a citizen of the State of North Carolina and, upon information and belief, resides in Arapahoe, NC, County of Pamlico.

9. AGLIC is ignorant of the true names, and capacities, of the defendants sued herein as Does 1-10, and for those reasons has sued those defendants by those fictitious

names. AGLIC is informed and believes, and thereon alleges, that each of the fictitiously named defendants claims some right, title or interest in or to the proceeds of the insurance policy which is the subject of this complaint. When AGLIC ascertains the true names and capacities of the fictitiously named defendants, it will amend this Complaint by inserting the same herein.

## JURISDICTION AND VENUE

10. The court has jurisdiction under Federal Rule 22 and 28 U.S.C. 1332 because diversity exists between plaintiff, and defendants, as AGLIC and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, because the life insurance was issued at $250,000.00.

11. Venue in this district is appropriate under 28 U.S.C. 1391 because one or more of the defendants reside in this jurisdiction.

## FACTUAL HISTORY

12. Plaintiff AGLIC received an application for insurance, dated August 8, 2008, from Melvin Joseph Pontiff Jr., (the "Decedent"). Attached hereto as **Exhibit A** are true and correct copies of Decedent's Application, parts A and B.

13. Kathryn Midyette Ruiz (formerly Kathryn Pontiff), was initially designated the primary beneficiary on the Decedent's application. No Contingent Beneficiary was designated. *See* **Exhibit A** attached, hereto.

14. Plaintiff AGLIC issued a $250,000.00 life insurance policy number YH00876931 (the "Policy"), to the Decedent on February 11, 2009. Attached hereto as **Exhibit B** is a true and correct copy of a Specimen Policy of Decedent's Policy.

15. AGLIC received a Change of Beneficiary (COB) request for the Policy, dated March 23, 2009. The COB included an attachment page listing the following individuals as primary beneficiaries as to the following specified amounts: Ron Pontiff ($25,000), Don Pontiff ($25,000), Joey Varga ($50,000), Barry Mills ($50,000), Mark Parrot ($50,000) and John Hultin II ($50,000). No contingent beneficiary was designated. *See*, **Exhibit C** attached, hereto.

16. On April 7, 2009, AGLIC sent Decedent a letter, advising that the request could not be completed because: 1) the Attachment identifying the beneficiaries was not signed and dated; 2) alterations to the Form were made and not initialed by contract owner; and 3) AGLIC requested the relationship of the new beneficiary to the insured. *See*, **Exhibit D** attached, hereto.

17. On April 8, 2009, AGLIC sent the Decedent a follow-up letter, advising that the AGLIC letter dated April 7, 2009, contained an error. The April 8, 2009 letter advised that the request could not be completed because: 1) the Attachment identifying the beneficiaries was not signed and dated; 2) alterations to the Attachment were made and not initialed by contract owner;[1] and 3) AGLIC requested the relationship of the new

---

[1] The April 7, 2009 letter incorrectly stated that the *Form* was altered and not initialed. In fact it was the *Attachment* that was altered and not initialed. The April 8, 2009 letter corrects this error.

beneficiary to the insured.  *See*, **Exhibit E** attached, hereto.  AGLIC has no record of receiving a response to its April 7, 2009 or April 8, 2009 letters.

18. On or about January 4, 2013, AGLIC received an Electronic Funds Authorization, signed by the Decedent on December 31, 2012, providing new bank account information for continuing automatic premium payments.  Attached hereto as **Exhibit F** are true and correct copies of the Electronic Funds Authorization and corresponding paperwork.

19. The Decedent died on March 25, 2019.

20. On April 1, 2019, AGLIC received notice of the Decedent's death, via telephone call from the Decedent's mother Shelby Pontiff.  Ms. Pontiff requested claim forms be sent.

21. On April 1, 2019, AGLIC sent Shelby Pontiff a letter acknowledging the death of Melvin Pontiff Jr., enclosing claim documents to be completed by the beneficiary. *See*, **Exhibit G** attached, hereto.

22. AGLIC received correspondence from Shelby Pontiff dated April 4, 2019. Shelby Pontiff advised that she is the Administrator of the Estate of Decedent, she contested the beneficiary on the Policy and requested that AGLIC place a hold on payment of any claims concerning the Policy.  *See,* **Exhibit H** attached hereto.

23. AGLIC received correspondence from Shelby Pontiff dated April 19, 2019, enclosing a copy of the Letters of Administration for the Decedent's Estate.  Shelby Pontiff

requested a copy of Decedent's Policy. Attached hereto as **Exhibit I** are true and correct copies of Shelby Pontiff's April 19, 2019 letter and enclosed Letters of Administration.

24. AGLIC received correspondence from Shelby Pontiff dated May 7, 2019, enclosing a group of documents including Letters of Administration and Divorce Judgment regarding the marriage of Melvin J. Pontiff Jr., and Kathryn M. Pontiff. According to the Divorce Judgment, the parties separated on October 23, 2008 and the Divorce Judgment was granted on November 9, 2010. Attached hereto as **Exhibit J** are true and correct copies of the May 7, 2019 letter, Letters of Administration and Divorce Judgment.

25. On or about May 8, 2019, Shelby Pontiff sent AGLIC a letter enclosing documents regarding Decedent's Policy. Shelby Pontiff stated that the enclosed documents includes a handwritten list, dated January 22, 2009, prepared and signed by Decedent whereby the Decedent listed the beneficiaries of his Policy. Attached hereto as **Exhibit K**, are true and correct copies of the May 8, 2019 letter and its enclosures.

26. AGLIC sent Shelby Pontiff a letter dated May 17, 2019 regarding Decedent's change of beneficiary form, dated March 23, 2009. AGLIC advised that AGLIC received a change of beneficiary form dated March 23, 2009 from Decedent; however, the attachment page listing the beneficiaries was not signed, dated or initialed by the Decedent and the relationship of the new beneficiaries to the Decedent was not indicated. AGLIC wrote the Decedent on April 8, 2009, advised of the above-listed deficiencies, and enclosed a blank change of beneficiary form. The Company never received a corrected change of

6

beneficiary form. AGLIC's May 17, 2019 letter to Shelby Pontiff advised that in light of potential rival claims, payment of the proceeds from Decedent's Policy would not be made at this time. AGLIC's letter also stated that any claimants should submit claims and enclosed a Claimant's Statement and self-addressed envelope. *See*, **Exhibit L** attached, hereto.

27. AGLIC received Proof of Death Claimant's Statement dated May 3, 2019, and other documents, from Kathryn Midyette Ruiz. Attached hereto as **Exhibit M** is a true and correct copy of the Claimant's Statement received from Kathryn Midyette Ruiz.

28. AGLIC received Proof of Death Claimant's Statement dated May 27, 2019, and other documents from Donald E. Pontiff. Attached hereto as **Exhibit N** is a true and correct copy of the Claimant's Statement received from Donald E. Pontiff.

29. AGLIC received Proof of Death Claimant's Statement dated May 27, 2019, and other documents from Ronald A. Pontiff. Attached hereto as **Exhibit O** is a true and correct copy of the Claimant's Statement received from Ronald A. Pontiff.

30. AGLIC received a letter from Shelby Pontiff dated May 27, 2019, regarding Decedent's Policy and beneficiary designations. Attached hereto as **Exhibit P** are true and correct copies of the May 27, 2019 letter and its enclosures.

31. AGLIC received Proof of Death Claimant's Statement dated May 30, 2019, and other documents from Phillip Mark Parrott. Attached hereto as **Exhibit Q** is a true and correct copy of the Claimant's Statement received from Phillip Mark Parrott.

32. AGLIC received Proof of Death Claimant's Statement dated May 30, 2019, and other documents from Joseph L. Varga. Attached hereto as **Exhibit R** is a true and correct copy of the Claimant's Statement received from Joseph L. Varga.

33. AGLIC received Proof of Death Claimant's Statement dated May 30, 2019, and other documents from John R. Hultin II. Attached hereto as **Exhibit S** is a true and correct copy of the Claimant's Statement received from John R. Hultin II.

34. AGLIC received Proof of Death Claimant's Statement dated May 31, 2019, and other documents from Barry S. Mills. Attached hereto as **Exhibit T** is a true and correct copy of the Claimant's Statement received from Barry S. Mills.

## **FIRST CLAIM FOR RELIEF**
## **INTERPLEADER**

35. AGLIC and incorporates by reference paragraphs 1 through 34 above as the fully set forth herein.

36. On account of the Decedent's death, AGLIC is obligated to pay the Policy benefit to the individual or individuals rightfully entitled to it. Upon information and belief, to date the defendants have not resolved their competing claims to the $250,000.00 Policy benefit.

37. AGLIC is, and at all time mentioned in this Complaint ready, willing, and able, to distribute the Policy benefit to the person or persons legally entitled thereto.

38. AGLIC is informed and believes, and on that basis alleges, that defendants, and each of them, are persons known to AGLIC to be asserting some right, title, or interest

in the Policy benefit which is the subject of this Complaint, and/or potentially could assert some right, title or interest in the Policy benefit. Hence, there are conflicting potential demands upon AGLIC.

39. AGLIC is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by defendants herein as described above, and cannot determine whom to pay as permitted by law. Additionally, AGLIC may be exposed to multiple claims or liability should it pay the Policy benefit to an individual or individuals not entitled to them.

40. By reason of the actual and potential conflicting claims to the Policy benefit, AGLIC does not know and cannot determine the person or persons legally entitled to payment of the Policy benefit.

41. AGLIC claims no interest in the Policy benefit or any part thereof, other than as a mere stakeholder of the Policy benefit, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the defendants, is indifferent as to which person should receive the Policy benefit. Accordingly, AGLIC files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the Policy benefit.

42. AGLIC has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the Policy benefit into this Court and obtain judgment from this Court releasing AGLIC from further participation in this

9

matter, and for its fees and costs from the Policy benefit. Defendants should be required to assert their respective claims to the Policy benefit and litigate these claims among themselves.

43. AGLIC is entitled to a permanent injunction against all defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against AGLIC, or in any other Country or jurisdiction, arising from the Policy benefit, and requiring the defendants to make any claim they might have with regard thereto in this action.

44. Concurrent with the filing of this Complaint, AGLIC will file a motion to deposit the Policy benefit with the Court until such time as the Court determines the rightful owner of the Policy benefit.

45. AGLIC has retained the services of attorneys in California and North Carolina for the purpose of protecting its interests arising out of the defendants' actual and potential conflicting claims, and AGLIC will be called upon to pay those attorneys for those services that they render in that regard. AGLIC also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorney's fees, costs, and disbursements are and should be a legal charge upon the Policy benefit and should be repaid to AGLIC out of the Policy benefit AGLIC deposits with the Court.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF

46. AGLIC and incorporates by reference paragraphs 1 through 45 above as the fully set forth herein.

47. An actual controversy has arisen and now exists between defendants concerning the beneficial interest and designations in Decedent's Policy and to whom the Policy benefit is owed, specifically as follows:

   a. AGLIC is informed and believes, and on that basis alleges, that defendant Kathryn Midyette Ruiz claims entitlement to the entire Policy benefit as a designated beneficiary of the Policy.

   b. AGLIC is informed and believes, and on that basis alleges, that defendants identified below claim entitlement to a portion of the Policy benefit as designated beneficiaries as follows:

| | |
|---|---|
| 1. Donald E. Pontiff | $25,000 |
| 2. Ronald A. Pontiff | $25,000 |
| 3. Phillip Mark Parrott | $50,000 |
| 4. Joseph L. Varga | $50,000 |
| 5. John R. Hultin II. | $50,000 |
| 6. Barry S. Mills | $50,000 |

48. By reason of the foregoing, there exists an actual, justiciable controversy among the parties. The Court is vested with the power to declare and adjudicate the rights

and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

49. AGLIC desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the Policy benefit in conformity with the allegations set forth herein.

50. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

## **PRAYER**

WHEREFORE, AGLIC prays for judgment against all defendants as follows:

1. That the Court decree the Complaint is properly filed and the issue therein is a proper cause for interpleader;

2. That AGLIC be authorized and directed to deposit the Policy benefit with the Clerk of the Court until such time as the Court determines the rightful owner of the Policy benefit;

3. That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the Policy benefit by reason of the Decedent's death;

4. That the Court enter an Order restraining defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against AGLIC with respect to the Policy benefit, or any rights of ownership;

5. That having deposited the Policy benefit with the Court, AGLIC be discharged from all liability to defendants, and each of them, in this action, by virtue of AGLIC not having any further control, custody or possession of the Policy benefit;

6. That AGLIC be awarded its cost of suit incurred herein, including but not limited to its reasonable attorney's fees, to be paid out of the Policy benefit AGLIC is depositing with the Court, and;

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of October, 2019.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

3348 Peachtree Rd., NE
Suite 1400
Atlanta, GA 30326
(470) 419-6650 (Main)
(470) 419-6651 Fax
Jeffrey.melcher@wilsonelser.com

*/s/Jeffrey Melcher*
Jeffrey Melcher
North Carolina Bar No. 0017703
*Local Civil Rule 83.1(d) Counsel for American General Life Insurance Company*

13

2280587v.1